**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-21352-BLOOM/Elfenbein**

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

      Plaintiff,

v.

JM SHUTTLE BUS, LLC, ALEXIS
CRISTOBAL QUINONES PEREZ, REGINA
SAENZ, and ALEXANDER SUAREZ,

      Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff National Liability & Fire Insurance Company's ("Plaintiff") Motion for Summary Judgment ("Motion"), ECF No. [47]. Defendants failed to file a Response. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

On April 2, 2024, Plaintiff issues a Business Auto Policy, policy number 73 APR 414659-01 ("the Policy") to JM Shuttle. ECF No. [1] ¶ 16. On March 25, 2024, Alexis Christobal Quinones Perez ("Perez"), drove N.S., a minor child, to his home. *Id.* ¶ 19. At the time, Perez was operating a 2010 Chevrolet Express van ("Subject Vehicle") and allegedly drove the vehicle as an agent of JM Shuttle. *Id.* ¶¶ 17, 18. When N.S. exited the Subject Vehicle, he was struck by another vehicle driven by Jerry Ernesto Ostos Urbano ("Urbano"). *Id.* ¶ 19.

After the accident, Regina Saenz ("Saenz") and Alexander Suarez ("Suarez"), the parents of N.S., made a claim for personal injuries against JM Shuttle and Perez. *Id.* ¶ 20. Saenz and Suarez

filed a complaint in Miami-Dade County, Florida, Case No. 2025-00275-CA-01, against JM Shuttle, Perez, and Urbano ("Underlying Lawsuit"). *Id*. ¶ 21.

On March 24, 2025, Plaintiff filed a Complaint for Declaratory Judgment in this Court seeking a declaration of no duty to defend or indemnify JM Shuttle and Perez as the allegations and claims in the underlying lawsuit are not covered by the insurance policy ("Policy") provisions. *Id*. ¶ 45. On April 9, 2026, Plaintiff filed a Motion for Summary Judgment arguing there is no genuine issue of material fact that the accident did not involve a scheduled auto, and the Subject Vehicle does not otherwise qualify as a covered auto under the Policy. ECF No. [47] at 2.

## II.   UNDISPUTED FACTS

The Subject Vehicle was owned by Perez. ECF No. [46]. The Policy provides liability coverage for all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". *Id*. ¶ 9. Throughout the policy, "you" and "your" refer to JM Shuttle. ¶ 10. The Subject Vehicle is not a scheduled auto on the Policy and was not newly acquired by JM Shuttle after the Policy's inception. At the time of the incident, Perez was operating the Subject Vehicle on his usual, assigned route. *Id*. ¶ 6. At the time of the incident, the Subject Vehicle was not being used as a "temporary substitute" for any of the vehicles listed as a "covered auto". *Id*. ¶ 12.

## III.   LEGAL STANDARD

### A.  Summary Judgment

The Court may grant a motion for summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the

2

non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the non-moving party 'must do more than simply show some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.,* 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed R. Civ. P. 56(c). Even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts, summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

This Court may not dispute a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee*, 695 F.2d at 1296.

## B.  Duty to Defend

"Under Florida law, the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distrib., Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000)). This holds true regardless of whether the allegations are later revealed to be false or even if they seem fraudulent on their face. *Kopelowitz v. Home Ins. Co.*, 977 F. Supp. 1179, 1185 (S.D. Fla. 1997) (citing *Smith v. Gen. Accident Ins. Co. of Am.*, 641 So. 2d 123, 123 (Fla. 4th DCA 1994) and *St. Paul Fire & Marine Ins. v. Icard*, 196 So. 2d 219 (Fla. 2d DCA 1967) ); *see also Diamond State*, 172 F. Supp. 3d at 1335 ("The actual facts of the situation are not relevant, such that 'the insurer must defend even if facts alleged are actually untrue or legal theories unsound.'") (quoting *Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)).

Courts in Florida will typically analyze the duty to defend by comparing the coverage afforded under the policy to the allegations in the underlying complaint. *See Feldman v. Imperium Ins. Co.*, No. 8:14-cv-1637-T-30EAJ, 2015 WL 5854153, at *7 (M.D. Fla. Oct. 5, 2015). Upon a review of the underlying complaint, if the allegations state facts that bring the claim within the policy's coverage, the insurer is required to defend the insured regardless of the claim's merits. *State Farm*, 393 F.3d at 1230. All doubts relating to the duty to defend must be resolved in the insured's favor. Id. When the underlying complaint "contains allegations partially within and partially outside the

4

scope of coverage, the insurance carrier is required to defend the entire suit." *Tropical Park, Inc. v. U.S. Fid. & Guaranty Co.*, 357 So. 2d 253, 256 (Fla. 3d DCA 1978); *see also McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Assoc.*, 758 So. 2d 692, 695 (Fla. 4th DCA 2000) ("[A]n insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under the policy.").

## IV.   DISCUSSION

### A.  The Subject Accident Did Not Involve a Covered Auto

As Plaintiff points out, the Policy only covers bodily injury and property damage caused by an accident and resulting from ownership, maintenance, or use of a "covered auto." ECF No. [1-6] at 30. The Subject Vehicle is not listed as one of the "covered autos" in the Policy. *See generally* ECF No. [1-6].  Under Florida law, an insurance contract's plain meaning controls, but "ambiguous provisions in an insurance policy should be interpreted in favor of coverage for the insured." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1304 (11th Cir. 2008) (citing *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). A provision is ambiguous if "the language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage." *Travelers Indem. v. PCR, Inc.*, 889 So. 2d 785 (Fla. 2004) (internal quotations and citations omitted).

The Court does not find the relevant portions of the Policy ambiguous. It is undisputed that the Policy only applies to "covered autos" and that the Subject Vehicle was not listed as a "covered auto. Moreover, there is no record evidence to suggest the Subject Vehicle would otherwise be covered by the Policy. Because the Subject Vehicle was not covered under the Policy, the Court finds Plaintiff has no duty to defend or indemnify JM Shuttle or Perez in the Underlying Lawsuit. *See Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1332 (S.D. Fla. 2006) ("The duty to

defend is broader than the duty to indemnify, and thus, where the insurer has no duty to defend, it necessarily has no duty to indemnify.")

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment, **ECF No. [47],** is **GRANTED.**

2. The Court **DECLARES** that:

   a. Plaintiff is not obligated to defend or indemnify JM Shuttle or Perez with respect to the Underlying Lawsuit.

3. The Clerk is **DIRECTED** to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings, court appearances, and trial are **CANCELED**, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

   **DONE AND ORDERED** in Chambers at Miami, Florida, on May 29, 2026.

   _____

   **BETH BLOOM**
   **UNITED STATES DISTRICT JUDGE**

cc:

counsel of record